NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FARMHOUSE PARTNERS LIMITED PARTNERSHIP, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> MULTI-HOUSING TAX CREDIT PARTNERS XXX, <br><br> Defendant-Appellant. | No. 22-36035 <br><br> D.C. No. 2:21-cv-00048-BMM <br><br> MEMORANDUM* |
| FARMHOUSE PARTNERS LIMITED PARTNERSHIP, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> MULTI-HOUSING TAX CREDIT PARTNERS XXX, <br><br> Defendant-Appellee. | No. 22-36066 <br><br> D.C. No. 2:21-cv-00048-BMM |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Argued and Submitted January 9, 2024

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

San Francisco, California

Before: SILER,** CLIFTON, and M. SMITH, Circuit Judges.

Defendant-Appellant and Cross-Appellee Multi-Housing Tax Credit Partners XXX ("MHTCP") appeals from a judgment entered after a bench trial in favor of Plaintiff-Appellee and Cross-Appellant Farmhouse Partners Limited Partnership ("Farmhouse"). Farmhouse cross-appeals. Because the parties are familiar with the facts, procedural history, and arguments, we do not recount them here. We affirm.

1. The district court did not err as a matter of law or fact in assessing whether an assignment by Farmhouse of an option to purchase MHTCP's interest in the limited partnership ("the Option") without MHTCP's consent constituted a "material" default under the agreement governing the partnership.

First, we are unpersuaded by MHTCP's argument that the district court improperly read a "materiality" requirement into the Option provision. The partnership agreement is governed by Montana law and Montana law establishes as a default contract rule that a breach must be material to justify a non-breaching party's nonperformance. *See* Mont. Code Ann., § 27-1-416 ("[W]hen [a] non-performing party's failure to perform is only partial and either entirely *immaterial*

** The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

22-36035

or capable of being fully compensated, . . . specific performance may be compelled upon full compensation of being made for the default." (emphasis added)). While MHTCP insists that it is a condition precedent of the Option provision that Farmhouse not be "in default" – material or otherwise – to exercise it, we are unconvinced that certain erratic uses of the undefined terms "default," "breach," and "material breach" in the lengthy partnership agreement demonstrate the parties' clear intent to "contract around" Montana's background principle that a party is not "in default" if a breach is entirely immaterial. Because MHTCP has supplied no proof beyond some inconsistent wording to support its preferred interpretation, nor offered any logical reason as to why Farmhouse would agree to such a requirement, we conclude that the district court properly adhered to Montana's default materiality rule and did not add any terms to the Option provision.

Second, we are similarly unpersuaded that the district court employed the incorrect legal standard to assess materiality. The Montana Supreme Court has declared on several occasions that "[a] substantial or material breach is one which touches the fundamental purposes of the contract and defeats the object of the parties in making the contract." *See, e.g.*, *Norwood v. Serv. Distrib., Inc.*, 994 P.2d 25, 31 (Mont. 2000); *Flaig v. Gramm*, 983 P.2d 396, 400 (Mont. 1999) (same). MHTCP supplies no authority to support its position that the "fundamental

purpose" test is the standard for assessing materiality only when a non-breaching party repudiates a contract *as a whole* based on another party's breach, but is not the standard when the non-breaching party declines to perform a single provision of an otherwise ongoing contract based on another party's breach. Moreover, although the Montana Supreme Court has favorably cited the Restatement (Second) of Contracts § 241 (1981) on two occasions, *see LR Ranch Co. v. Murnion*, 2014 WL 5020021, at *2 (Mont. Oct. 7, 2014) (unpublished); *see also Norwood*, 994 P.2d at 31, that court has never declared the Restatement's five factors for assessing materiality to be the definitive test under *any* circumstances, let alone those delineated by MHTCP.

Third, and finally, we reject MHTCP's argument that the district court erred as a factual matter in applying Montana's "fundamental purpose" test to conclude that an assignment of the Option without MHTCP's consent was an "immaterial" breach. Importantly, MHTCP has not challenged the district court's factual finding that, at least as of the date of the bench trial, MHTCP could not identify anything that it was entitled to receive under the partnership agreement that it had not. Indeed, MHTCP's proffered grievances all turn on an expectation by MHTCP that it would deal only with Farmhouse's principal, William C. Dabney, III, in executing the Option. It is decisive that the partnership agreement is not a personal services contract for Dabney. Because Dabney's personal involvement in

Farmhouse's exercise of the Option was not an essential contract expectancy of MHTCP in executing the partnership agreement, the district court did not clearly err in concluding that an assignment of said Option did not "touch[] the fundamental purposes of the contract" or "defeat[] the object of the parties in making" it. *Norwood*, 994 P.2d at 31.[1]

2.      Having held that the district court did not err as a matter of law or fact in deeming immaterial any breach by Farmhouse in assigning the Option without MHTCP's consent, we agree that specific performance of the Option is the appropriate remedy.

Under Montana law, "[n]either party to any obligation can be compelled specifically to perform it *unless the other party thereto has performed . . . everything to which the former is entitled under the same obligation, either completely or nearly so. . . .*" Mont. Code Ann. § 27-1-414 (emphasis added). Again, MHTCP has not challenged the district court's factual finding that it has received everything to which it is entitled under the partnership agreement. Although, as the district court noted, settling a "method of dividing the windfall that has accrued from the rising real estate market in Bozeman, Montana" is a "potential hardship" that MHTCP will face in performing the Option, such a

---

[1] Because we affirm the district court's materiality assessment, we need not and do not address Farmhouse's alternative argument that the district court erred in finding a breach of the partnership agreement *at all*.

challenge is not the product of any breach by Farmhouse, *per se*. This is so, because the Option provision does not establish a fixed price for MHTCP's partnership interest and MHTCP was never guaranteed that it would work only with Dabney as Farmhouse's principal to negotiate the Option price.

Accordingly, where Farmhouse has substantially performed under the partnership agreement, and where any remaining hardship of specific performance is not unique to the breach, but is an inherent risk of the bargain struck by the parties under the Option provision, specific performance of the Option is the appropriate remedy.

**AFFIRMED.**